IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**
            Case No. 4:92cr4013-WS
            Case No. 4:05cv345-WS/WCS

**MARLIN DAVIS,**

  **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DENY MOTION TO REOPEN § 2255

  Defendant filed a motion to reopen his 28 U.S.C. § 2255 proceeding in light of Gonzalez v. Crosby, __ U.S. __, 125 S.Ct. 2641, __ L.Ed.2d __ (2005) and Fed.R.Civ.P. 60(b)(6).  Doc. 1644.

  Defendant previously sought and was denied relief pursuant to § 2255.  Docs. 1439 and 1458 (report and recommendation as adopted), and 1571 (order denying motions for rehearing and resentencing).  A certificate of appealability was denied by this court and the court of appeals.  Docs. 1585 and 1605.  Defendant cannot file a second or successive § 2255 motion absent authorization from the Eleventh Circuit.  § 2255 (incorporating requirements of § 2244); § 2255 Rule 9.

Defendant seeks review of the previous denial of § 2255 relief in light of Gonzalez, as well as Glover v. United States, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), "in which the trial [court] erred in a Federal Sentencing Guidelines determination, and as a result of such error, about which counsel failed to argue, the defendant's sentence was increased." *Id.*, p. 1.  Defendant asserts ineffective assistance of counsel at sentencing, in failing to request a special verdict form, and in failing to seek sentencing based on marijuana rather than cocaine base.  *Id.*, pp. 1-8.  Defendant asks the court to "examine [his] endeavor of [meeting] both of the prongs under **Strickland v. Washington 466 U.S. 668 (1984) and Glover v. United States, 121 S.Ct. 696 (2001)**."  *Id.*, p. 8.

In Glover, the Court rejected the additional requirement, imposed by the Seventh Circuit, that a sentence increase due to purported attorney error must meet a certain significance to be prejudicial under Strickland.  531 U.S. at 203, 121 S.Ct. at 700 (noting that, "[q]uite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.") (citations omitted).  Glover was decided January 9, 2001, one day after the undersigned's report and recommendation was entered on the docket, but over a month before it was adopted by the district judge, and well over a year and a half before the motions for rehearing and resentencing were denied.  Docs. 1439, 1458, and 1571.  It does not appear that this court imposed the additional requirement rejected in Glover.  *See, e.g.*, doc. 1439, pp. 9-15 (addressing claims of ineffective assistance of counsel at sentencing).

In Gonzalez, the Court explained the difference between a true Rule 60(b) motion and an unauthorized second or successive habeas corpus petition.[1] A Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is essentially a successive motion. 125 S.Ct. at 2647 (citations omitted). By contrast, a "claim" is not present in a true Rule 60(b) motion, which instead "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," and should not be treated as a successive filing. *Id.*, at 2648 (footnote omitted).

In his current motion, Defendant Davis has clearly raised "claims" for relief from his conviction and sentence, rather than asserting some defect in the prior proceedings. He challenges the prior resolution of his § 2255 motion based on a purported change in substantive law under Glover. Even assuming Glover could help his case or that it was not available before the § 2255 motion was denied or appealed, Defendant may not use Rule 60(b) in this fashion to circumvent the limitations on successive motions. 125 S.Ct. at 2647-2648. *See also* Taylor v. Gilkey, 314 F.3d 832, 835-836 (7th Cir. 2002)

---

[1] The Eleventh Circuit's opinion had addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo), and noted no material difference between §§ 2254 and 2255 for purposes of Rule 60. Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004) ("[w]hat we say in this opinion about certificates of appealability and Rule 60(b) motions as they relate to § 2254 proceedings applies equally to § 2255 proceedings, and vice versa."). Certiorari was only granted as to Gonzalez; certiorari was denied without opinion as Mobley (125 S.Ct. 965 (2005)), and Lazo did not seek certiorari. The Supreme Court expressly limited its Gonzalez opinion to the application of Rule 60 in habeas proceedings under 28 U.S.C. § 2254. 125 S.Ct. at 2646, n. 3. The Eleventh Circuit has found Gonzalez equally applicable to § 2255 motions. *See* United States v. Terrell, 2005 WL 1672122, *2 (11th Cir. Jul.19, 2005) (unpublished).

(new claims based on Glover did not give defendant a new claim, and Glover does not satisfy standards for second or successive motion).

It is therefore respectfully **RECOMMENDED** that Defendant's motion to reopen § 2255 motion pursuant to Rule 60(b)(6) (doc. 1644) be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:92cr4013-WS and 4:05cv345-WS/WCS