**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**

**Case No. 4:92cr4013-WS**
**Case No. 4:05cv411-WS/WCS**

**MARLIN DAVIS,**

     **Defendant.**

_____/

**REPORT AND RECOMMENDATION TO DENY MOTION TO REOPEN § 2255**

Defendant filed another motion to reopen his 28 U.S.C. § 2255 proceeding in light of Gonzalez v. Crosby, __ U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) and Fed.R.Civ.P. 60(b)(6).  Doc. 1666.

On August 17, 2005, Defendant filed a motion to reopen § 2255 proceeding in light of Gonzalez and Rule 60(b)(6).  Doc. 1644.  The court found that Defendant could not use Rule 60(b) to circumvent the limitations on filing a second or successive § 2255 motion.  Docs. 1646, 1660, and 1661 (report and recommendation, order, and judgment entered on the docket on October 2, 2005).  Defendant did not appeal, and has not obtained authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

The current motion purports to challenge the report and recommendation on Defendant's initial § 2255 motion, by challenging the Government's arguments at sentencing and on appeal as relied upon in denying § 2255 relief.  Defendant challenges the claims previously asserted by the Government as contrary to testimony in the record, and to telephone records (supplied with the current motion) which were introduced at trial.  Defendant asserts that the Government knew or should have known its arguments were inaccurate, and the argument was accepted in the § 2255 proceeding as "presumptively accurate."  Doc. 1666, pp. 2 and 6, referencing doc. 1439, p. 17.

On the page of the report and recommendation referenced by Defendant, it was stated:

> The undersigned did not hear the evidence in this case and has not read all of the transcripts.  But the description by the parties of the evidence at trial *is in the appellate briefs* and is presumptively accurate.  Doc. 1384, *Defendant's initial brief*, pp. 4-10; Government's brief, pp. 4-12.

Doc. 1439, p. 17 (emphasis added).  The report and recommendation was adopted, judgment was entered, and a certificate of appealability was denied by this court and the Eleventh Circuit.  Docs. 1458, 1571, 1573, 1585, 1605.

Clearly, the court relied on the appellate briefs as filed by both Defendant and the Government.  The Government's arguments made at sentencing or on appeal did not constitute fraud in the § 2255 proceeding.  At best, Defendant is attempting to present "new" argument (assuming he did not previously quote the same portions of the transcript) in support of the merits of his § 2255 motion.  *See* Gonzalez, 125 S.Ct. at 2647 (a claim not presented in a prior petition due to excusable neglect, or because it is

based on newly discovered evidence or a change in the substantive law, is in substance an application for relief or at least similar enough that it must be subject to the same requirements).[1]

For reasons previously stated, this attempt to circumvent the limitations on second or successive motions should be summarily dismissed.  Doc. 1646 (incorporated herein by reference).

It is therefore respectfully **RECOMMENDED** that Defendant's motion to reopen § 2255 motion pursuant to Rule 60(b)(6) (doc. 1644) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2005.


S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] By contrast, because the Rule 60(b) motion filed by Petitioner Gonzalez challenged *only* the prior ruling on the statute of limitations, it was not the equivalent of a second or successive habeas corpus petition.  125 S.Ct. at 2650.  Denial of the motion was nonetheless affirmed, because the changed interpretation of the statute of limitations did not satisfy the requirement of showing "extraordinary circumstances," particularly given the petitioner's lack of diligence.  *Id.*

Case Nos. 4:92cr4013-WS and 4:05cv411-WS/WCS