IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.

Case No. 4:92cr4013-WS
Case No. 4:05cv411-WS/WCS

**MARLIN DAVIS,**

    **Defendant.**

    _____/

## ORDER DENYING MOTION FOR REHEARING

Defendant Marlin Davis filed a motion for rehearing from the court's December 1, 2005, order and judgment. Doc. 1680. The order of that date adopted the report and recommendation of November 8, 2005, and denied Defendant's motion to reopen his 28 U.S.C. § 2255 proceeding. Docs. 1671, 1673 and 1674 (judgment).

Defendant currently asserts that there was fraud by the Government, and that the report and recommendation of the magistrate judge (doc. 1439) improperly relied on inaccurate statements made by the Government in its response (doc. 1369). Doc. 1680, pp. 2-3; *see also* docs. 1666 (motion to reopen) and 1672 (objections). The response and recommendation pertained to Defendant's initial § 2255 motion, and were filed on March 24 and December 14 of the year *2000*. Docs. 1369 and 1439.

The recommendation on the initial § 2255 proceeding was adopted and judgment entered on March 8, 2001.  Docs. 1458 and 1459.  Defendant was represented by counsel in that proceeding.

In response to that report and recommendation, counsel filed objections and supplemental objections.  Docs. 1450 and 1455.  After the recommendation was adopted and judgement entered, counsel filed motions for reconsideration, resentencing, and supplemental materials and arguments.  Docs. 1462, 1485, 1505, 1536, 1561, and 1565.  After these requests were denied counsel filed a notice of appeal, with a motion for certificate of appealability and supporting memorandum.  Docs. 1581, -1582 and 1583.  A certificate of appealability was denied by this court and the Eleventh Circuit, and reconsideration was denied.  Docs. 1585, 1605, and 1610.

Another recommendation was entered on September 20, 2005, recommending that a motion to reopen § 2255 proceeding be summarily dismissed as an unauthorized second or successive motion.  Doc. 1646.  The recommendation was adopted, judgment was entered, and Defendant did not appeal.  Docs. 1660 and 1661.  The recommendation on Defendant's most recent motion to reopen, adopted on December 1, 2005, incorporated the prior one by reference.  Doc. 1671, p. 3.

The motion to reopen asserted that the Government's arguments were contradicted by testimony and telephone records introduced *at trial*.  Doc. 1666, pp. 1-6.  Defendant did not set forth there (or in his objections or motion for rehearing) any new evidence or information to support his claim of fraud on the court in the initial § 2255 proceeding.  Even if the motion to reopen was not equivalent to a second or successive motion it would be denied, particularly given the fact that Defendant had the benefit of

Case Nos. 4:92cr4013-WS and 4:05cv411-WS/WCS

zealous counsel in his initial § 2255 proceeding.  Defendant has not shown entitlement to relief under Rule 60(b) or otherwise.

In the event of an appeal Defendant is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(1)(B) and Fed.R.App.P. 22(b)(1).  Leave to proceed in forma pauperis should also be denied.  Fed.R.App.P. 24(a).

Finally, **Defendant should not continue repeating the same arguments in this court.**  Unless and until the Eleventh Circuit grants authorization for filing a second or successive § 2255 motion, future requests addressed to this court will be dismissed without discussion.

It is therefore **ORDERED** that Defendant's motion for rehearing, doc. 1680, is **DENIED**.  It is also ordered that, in the event of an appeal, a certificate of appealability **SHALL NOT ISSUE**, and leave to appeal in forma pauperis is **DENIED**.

DONE AND ORDERED this December 21, 2005.


    /s William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

Case Nos. 4:92cr4013-WS and 4:05cv411-WS/WCS