# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

v.                                   **Case No. 4:92cr4013-WS**
                                             **Case No. 4:09cv248-WS/WCS**

**MARLIN DAVIS,**

       **Defendant.**

## REPORT AND RECOMMENDATION TO DENY PETITION

Defendant Davis filed a "PETITION FOR WRIT OF ERROR AUDITA QUERELA," pursuant to 28 U.S.C. § 1651. Doc. 1895.

By way of background, Defendant's sentence was recently reduced pursuant to 18 U.S.C. § 3582(c)(2). Doc. 1809. Application of Amendment 706 to the United States Sentencing Guidelines reduced Defendant's offense level from 42 to 40. Based on an adjusted offense level of 40 and criminal history category II, the guidelines range was 324-405 months. Defendant was sentenced to the bottom of the range, reducing his sentence from 360 months (the bottom of his original guidelines range) to 324 months. *Id.*

Defendant then argued he was entitled to a further reduction, based on a criminal history category I rather than II, as his state court conviction for possession of cocaine was part of the instant offense and did not count as a prior sentence under U.S.S.G. § 4A1.2. Doc. 1800 ("Additional Section 3553 Factors"), pp. 1-2; doc. 1813 ("Motion for Reconsideration of Marlin Davis' Request to Recalculate Sentence Based on Correct Information and Sentence in Criminal History Category I Applying *Booker*"), pp. 2-3.

The court denied reconsideration, finding its authority to reduce the sentence under § 3582(c)(2) was limited, that a full resentencing was not authorized under U.S.S.G. § 1B1.10, and that United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) did not apply. Doc. 1815. The court granted leave to proceed in forma pauperis on appeal, however, as the Eleventh Circuit had not yet addressed the precise issue of applying Booker where modification was warranted under § 3582(c)(2). Doc. 1826.[1]

Section 3582(c)(2) authorizes the court to reduce a sentence for a defendant whose sentencing range was subsequently lowered by amendment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10(a)(1) provides that, "[a]s required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."

---

[1] In United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), the court determined that Booker itself did not create jurisdiction to reduce sentence. See doc. 1815, p. 2.

Further,

> [T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) [listing those amendments that apply retroactively] had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected.*

§ 1B1.10(b)(1) (emphasis added). With exceptions not applicable here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." § 1B1.10(b)(2)(A).

In United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), *cert. denied*, 129 S.Ct. 2382 (2009), the Eleventh Circuit determined that Booker did not prohibit the limitations imposed by § 1B1.10 on a judge's discretion in reducing a sentence under § 3582(c)(2).[2]

> "[A] district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." The district court was bound by the policy statement contained in U.S.S.G. § 1B1.10(b)(2)(A) that, in considering an 18 U.S.C. § 3582(c)(2) motion, it may not reduce a sentence below the amended guideline range.

United States v. Smith, 568 F.3d 923, 929 (11th Cir. 2009) (quoting Melvin).

---

[2] In doing so, the court noted only the Ninth Circuit had found Booker to prohibit limitations on discretion in reducing sentence under § 3582(c)(2), and followed the circuits that had held to the contrary. 556 F.3d at 1192, *rejecting* United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) (other citations omitted). Defendant relied on Hicks in his motion for reconsideration. Doc. 1813, pp. 2-3.

Case Nos. 4:92cr4013-WS and 4:09cv248-WS/WCS

In the current petition, Defendant reasserts his argument that the determination of criminal history category II at sentencing was improper under U.S.S.G. § 4A1.1. As this argument was rejected for purposes of the § 3582(c)(2) proceeding, Defendant contends that a writ of audita querela is appropriate, *citing* United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed.2d 248 (1954) and United States v. Holt, 417 F.3d 1172 (11th Cir. 2005). Doc. 1895, p. 2. Defendant asserts that this challenge was not available before the § 3582 motion was granted because the error would have been deemed harmless. *Id.*, p. 3. When the § 3582 motion was granted, Defendant's offense level was reduced from 42 (with a guidelines range of 360 to life whether category I or II) to 40 (with a guidelines range of 324-405 months for category II, and a range of 292-365 months for category I).

As explained in Holt, audita querela "was an ancient writ used to attack the enforcement of a judgment after it was rendered." 417 F.3d 1172, 1174 (citation omitted). *See also* United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990) ("[t]he common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.' Although historically *audita querela* existed as a remedy primarily for judgment debtors, it apparently has been recognized as a remedy for criminal defendants in at least some state jurisdictions.") (citations and footnotes omitted).

Authority to recognize such remedies under 28 U.S.C. § 1651 is governed by United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), which found

a prisoner no longer "in custody" for 28 U.S.C. § 2255 purposes could seek relief by petition for writ of error coram nobis.  417 F.3d at 1174-75 (discussing Morgan); 894 F.2d at 427-428 (discussing Morgan).  "The teaching of *Morgan* is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law."  894 F.2d 425, 428; 417 F.3d at 1175 (*quoting* Ayala), *also citing* United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982).[3]

The Eleventh Circuit followed the Seventh and other circuits in finding that "a federal prisoner may not use the writ of *audita querela* where postconviction relief is available through § 2255 or *coram nobis* motions."  417 F.3d at 1175 (collecting cases).

Defendant claims that relief is *not* available for his claim under 28 U.S.C. § 2255, as the issue is not jurisdictional or constitutional, he failed to raise the claim on appeal, and misapplication of the guidelines is generally not cognizable under § 2255.  Doc. 1895, p. 5.  It is true that a claim of guidelines error is a nonconstitutional claim, cognizable under § 2255 only if it constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'"  Burke v. United States, 152 F.3d 1329, 1331 (11th Cir.1998), *cert. denied*, 526 U.S. 1145 (1999); Lynn v. United States, 365 F.3d

---

[3] The Seventh Circuit "own[ed] to some doubt," whether there was any "gap" in federal postconviction remedies, "given the availability of section 2255 for defendants in federal custody and coram nobis for defendants no longer in federal custody.  Moreover, even if there were such a gap, it is very doubtful that audita querela would be the means to fill it.  Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued; it appears to be primarily a remedy of judgment debtors."  Kimberlin, 675 F.2d at 869 (citation omitted); Ayala, 894 F.2d at 428 (quoting this in part).

1225, 1232, 1233 and n. 15 (11th Cir.), *cert. denied*, 125 S.Ct. 167 (2004) (collecting cases, including Burke).

But assuming audita querela is, like coram nobis, appropriate in some situations, such an "extraordinary remedy" is available "only under circumstances compelling such action to achieve justice," to right "errors 'of the most fundamental character.'" Morgan, at 511, 512, 74 S.Ct. at 252, 253 (citation and footnote omitted); *see also* United States v. Denedo, 129 S.Ct. 2213, 2220 (June 8, 2009) (noting "we were careful in *Morgan* to limit the availability of the writ to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.' ") (quoting Morgan). "Circumstances compelling such action to achieve justice," as required by Morgan, "exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Moody v. United States, 874 F.2d 1575, 1576-78 (11th Cir. 1989), *cert denied*, 493 U.S. 1081 (1990), *citing* Morgan and United States v. Mayer, 235 U.S. 55, 67-68, 35 S.Ct. 16, 19, 59 L.Ed. 129 (1914).

It is not available here, to raise an alleged error in sentencing rather than in the conviction itself. *Cf.* Lowery v. United States, 956 F.2d 227, 230 (11th Cir. 1992) (coram nobis remedy not available; "Lowery's PSI claim implicates only the sentence that he received for his prior forgery conviction, not the validity of the conviction itself.")

(citing Moody).[4] "Because the alleged error is not 'fundamental,' it does not merit" the extraordinary relief of audita querela. *Id.*

Indeed, this case is far less compelling even than Lowery, where the petitioner was no longer in custody for § 2255 purposes. Defendant Davis remains in custody, and it is hard to conceive of a guidelines error presenting circumstances compelling action to achieve justice (so as to warrant the extraordinary remedy of audita querela), which would not also demonstrate the kind of fundamental error which would allow that claim to be considered under § 2255. If cognizable under § 2255, it could not be brought by audita querela, and here, as a § 2255 claim, would be barred absent authorization from the Eleventh Circuit.[5]

Finally, the court does not construe this as a possible petition for writ of habeas corpus pursuant to the "savings clause" of § 2255, allowing a prisoner to seek habeas corpus if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." § 2255(e). Nothing is alleged to bring this case arguably within the savings

---

[4] In Lowery, the petitioner sought to challenge by coram nobis a 1979 federal conviction and sentence, which had expired but was used to enhance a later state court sentence. As to the conviction, the court found no reason he could not challenge it by 28 U.S.C. § 2254 petition attacking the enhanced state sentence. 956 F.2d at 229.

[5] Defendant was previously denied § 2255 relief, and is aware that he must obtain authorization from the Eleventh Circuit to file a second or successive motion. *See, e.g.*, docs. 1646, 1660, and 1661 (report and recommendation as adopted and judgment entered on October 20, 2005); docs. 1671 (adopting 1646 by reference), 1673 and 1674 (report and recommendation as adopted and judgment entered on December 1, 2005); and doc. 1692 (order of Eleventh Circuit denying leave to file second or successive motion).

clause,[6] and this court lacks jurisdiction as Defendant is incarcerated in Mississippi. Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004); *see also*, Lee v. Wetzel, 244 F.3d 370, 373-374 and n. 3 (5th Cir. 2001) (sentencing court does not have jurisdiction to consider the merits of a § 2241 petition brought under the savings clause, unless the petitioner or his custodian is also located there).

It is therefore respectfully **RECOMMENDED** that the petition for writ of audita querela filed by Marlin Davis, doc. 1895, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2009.

      S/     William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[6] Defendant would have to allege that his claim is based upon a retroactively applicable Supreme Court decision, which establishes he was convicted for a nonexistent defense, and that circuit law squarely foreclosed bringing the claim at the time of trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); Flint v. Jordan, 514 F.3d 1165, 1167-68 (11th Cir.), cert. denied, 129 S.Ct. 222 (2008) (as there was no retroactively applicable Supreme Court decision, the court's inquiry ended at the first step of Wofford).

Case Nos. 4:92cr4013-WS and 4:09cv248-WS/WCS